```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| HAMID HALLOWAY, | : |
| Plaintiff, | : Civil No. 12-6001 (JBS) |
| v. | : |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, | : **MEMORANDUM AND ORDER** |
| Defendant. | : |

IT APPEARING THAT:

1. On October 3, 2012, this Court entered an Memorandum and Order (docket entry 2) to administratively terminate the matter due to various deficiencies with Plaintiff's filing including his in forma pauperis application.  Specifically, the account statement did not span the six-month range as required and was not certified the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2).  Further, Plaintiff used an out-of-date Complaint form which states that the filing fee is $150.00.  Plaintiff was informed that the filing fee for a civil action is $350.00 and that if he is granted leave to proceed in forma pauperis in this action, the Court may enter an Order assessing the $350.00 filing fee and directing that

      assessments be withdrawn from Plaintiff's prison account until the $350.00 filing fee is paid. See 28 U.S.C. § 1915.

2. The Clerk of the Court thereafter received a letter from Plaintiff requesting reopening of the matter and including another account statement (docket entry 3). Plaintiff made no acknowledgment that he accepts that the filing fee will be assessed at $350.00.

3. The Court has reviewed Plaintiff's updated account statement. While the renewed account statement is certified the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2), it still does not span the six-month range as required and was not certified the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2). In fact, the dates on the account statement show account activity during the time period of April 9, 2012 until August 3, 2012, a period of less than four months. The instant Complaint was not signed for filing until August 30, 2012 and was not docketed with the Clerk of the Court until September 25, 2012. Further, his updated account statement was submitted to the Clerk of the Court under cover of an undated letter docketed on November 1, 2012. At a minimum, Plaintiff could not have requested the updated account information until sometime after the Court's termination of

>the matter on October 3, 2012, which would mean that he could have obtained the necessary account information leading up to the time of initial filing of the Complaint.

4. Accordingly, Plaintiff's application to proceed <u>in forma pauperis</u> will be denied because Plaintiff has failed to comply with the statutory requirements for filing an application to proceed <u>in forma pauperis</u>.  Plaintiff is reminded that the filing fee for a civil action is $350.00 and that amount will be assessed and charged against his inmate account should <u>in forma pauperis</u> status be granted to him in the future.

THEREFORE, it is on this **2nd** day of **April**, **2013**;

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed <u>in forma pauperis</u> (AFFIDAVIT OF POVERTY and ACCOUNT CERTIFICATION (CIVIL RIGHTS), DNJ-Pro Se 007-A-(Rev. 09/09)); and it is finally

ORDERED that the Clerk of the Court shall close the file in this case.

                                      **s/ Jerome B. Simandle**
                                      Jerome B. Simandle
                                      Chief Judge
                                      United States District Court